UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-115-KAC-JEM |
| JOSHUA HOLMES, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Motion to Substitute Counsel [Doc. 90], filed by Assistant Federal Defender Jonathan Moffatt on March 18, 2025.

In the motion, Mr. Moffatt states that Defendant has filed a pro se motion to appeal the denial of a bond post-conviction [Doc. 90 p. 1]. He further submits that this motion has been docketed and that the Court of Appeals has entered an expedited briefing schedule [*Id.*]. Defendant makes the claim in that appeal that Mr. Moffatt did not "challenge[] sufficiently" issues related to whether a bond would be granted, which he "takes . . . as a claim of ineffective assistance of counsel" [*Id.*]. Mr. Moffatt also represents that he clarified with Defendant that he "wishes to maintain his claim of ineffective counsel in his Sixth Circuit appeal" [*Id.*]. In addition, Mr. Moffatt notes that Defendant believes he was ineffective at trial given his motion for a new trial [*Id.*]. Finally, Mr. Moffatt informs the Court that the differences between him and Defendant "as to strategy going forward is at such odds that the attorney/client relationship is inextricably damaged [*Id.*].

The parties appeared before the Court for a hearing on the motion on March 24, 2025. Assistant United States Attorneys David Lewen and Michael Deel appeared on behalf of the

Government. Mr. Moffatt appeared on behalf of Defendant, who was also present. Attorney Chris Irwin was also present at the Court's request.

At the motion hearing, the Government confirmed that it had no position on the motion. The Government also proffered that Defendant stated in a recorded jail call that he had hired a private attorney.[1] The Court then conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court is reasonably satisfied that there are sufficient grounds to substitute counsel based on a strained relationship, which is suffering from a breakdown of communication and trust that has compromised beyond repair counsel's ability to render effective assistance. Good cause therefore exists for substitution of counsel.

The Motion to Substitute Counsel [**Doc. 90**] is **GRANTED** and Mr. Moffatt and the Federal Defender Services of Eastern Tennessee are **RELIEVED** as counsel of record for Defendant. Attorney Chris Irwin agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Chris Irwin under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** former Mr. Moffatt to provide the discovery and information from Defendant's file to Attorney Chris Irwin.

Accordingly, the Court **ORDERS**:

(1) the Motion to Substitute Counsel [**Doc. 90**] is **GRANTED**;

(2) Mr. Moffatt and the Federal Defender Services of Eastern Tennessee are **RELIEVED** of further representation of Defendant; and

---

[1] While the Court substitutes counsel for Defendant, the Court **DIRECTS** new counsel to immediately inform the Court if Defendant retains private counsel or has the means to do so.

(3) Attorney Chris Irwin is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

_Jill E. McCook_
Jill E. McCook
United States Magistrate Judge