UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:22-CR-115-KAC-JEM |
| | ) | |
| JOSHUA AARON HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

For the reasons below, under 18 U.S.C. § 3664(d), the Court defers the final determination of restitution in this case until after sentencing.

Under 18 U.S.C. § 3663A, the Court must order restitution "to the victim of" an offense "in which any identifiable victim or victims has suffered" a "pecuniary loss." 18 U.S.C. § 3663A(a)(1), (c)(1)(B). The restitution award "must reflect the victim's 'actual loss.'" *United States v. Fike*, 140 F.4th 351, 357 (6th Cir. 2025) (citation omitted). "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). The law gives "a district court discretion to choose the procedures that will best aid the court in assessing the amount of loss" and "even allows the court to defer ruling on restitution until after the sentencing hearing if the victim's losses are not ascertainable by ten days before sentencing." *United States v. Hamaed*, --- F.4th ----, 2026 WL 1706843, at *17 (6th Cir. June 12, 2026) (citing *United States v. Vandeberg*, 201 F.3d 805, 813 (6th Cir. 2000)); *see also Dolan v. United States*, 560 U.S. 605, 611-13 (2010).

Here, some uncertainty remains regarding the "actual loss" that certain victims incurred from the offenses of conviction. The Revised Presentence Report identified certain purported victims and the purported actual loss of each [Doc. 135 ¶ 117]. Thereafter on June 18, 2026, the United States filed a "Response to the Defendant's Recent Objection to the Presentence Investigation Report" [Doc. 178]. In the Response, the United States indicated that its records show a different amount of loss for at least two victims [*See* Doc. 178 at 3-4]. Defendant is proceeding pro se with elbow counsel available at his request. And sentencing in this case is set for June 25 [*See* Doc. 173 at 1].

In this posture, it is prudent to defer the final determination of restitution in this case until after sentencing. *See* 18 U.S.C. § 3664(d)(5); *Hamaed*, 2026 WL 1706843, at *17. This will ensure that Defendant receives adequate notice of the United States's newest calculations and an opportunity to be heard and allow the Court to accurately calculate each victim's actual loss. *See Vandeberg*, 201 F.3d at 813-14. Upon consultation with the Parties, the Court will schedule a hearing on restitution, to be held within ninety (90) days of sentencing.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge